# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 17 C 4116 |
| v. | ) | |
| | ) | Judge Ronald A. Guzmán |
| JUAN ALBERTO GOMEZ, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Juan Alberto Gomez's pro se petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c). For the reasons discussed below, the petition is dismissed to the extent it seeks relief under § 2255, and it is denied to the extent it seeks relief under § 3582.

## DISCUSSION

The Court liberally construes Gomez's pro se filings. *See Echols v. Craig*, 855 F.3d 807, 812 (7th Cir. 2017). Although the petition is captioned as a § 2255 petition, it is actually a hybrid of claims, which the Court will address in turn.[1]

### A.    18 U.S.C. § 3582(c)

On April 11, 2012, Gomez pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine. He was sentenced on December 6, 2012 to a term of 120 months' imprisonment, which was the statutory mandatory minimum sentence.

---

[1] After filing a reply brief, petitioner filed another document, (ECF No. 14), in which he inquires about relief under Federal Rule of Criminal Procedure 35(b). Rule 35(b) authorizes a reduction in the length of a defendant's sentence on the ground of "substantial assistance in investigating or prosecuting another person," "upon the government's motion." The government has made no such motion.

In Ground Four of his petition, Gomez contends that he is entitled to a sentence reduction under § 3582(c), which gives federal courts limited authority to reduce a sentence of imprisonment after it has been imposed. Gomez invokes § 3582(c)(2), which provides that when the sentence was based on a sentencing range that the Sentencing Commission has subsequently lowered pursuant to 28 U.S.C. § 994(o), "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under § 994, the Sentencing Commission is authorized to periodically revise the sentencing guidelines and submit such revisions to Congress for approval. Where the Sentencing Commission exercises this power to reduce a recommended term of imprisonment for a particular class of offense, it must "specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." 28 U.S.C. § 994(u).

On page 13 of his petition, Gomez appears to cite Amendment 782 to the Sentencing Guidelines as the basis for his request for a sentence reduction. In accordance with its statutory authority, the Sentencing Commission on April 30, 2014 promulgated Amendment 782, which generates a reduction of two offense levels for all offenses based on the drug equivalency tables in §§ 2D1.1 and 2D1.11 of the guidelines, effective November 1, 2014. The Commission further specified that the sentence reduction would apply retroactively to defendants previously sentenced for the relevant drug offenses. Under applicable policy, however, a sentence reduction is not appropriate where the relied-upon change to the Guidelines—here, Amendment 782—either (1) does not apply to the defendant, or (2) "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another . . . statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S. Sentencing Guidelines Manual §

1B1.10 cmt. n.1(A).

Gomez is not entitled to a sentence reduction because Amendment 782 does not have the effect of lowering his applicable guideline range. His sentence is set at the statutory mandatory minimum of 120 months and is thus dictated by statute; it is not affected by a change in the base offense level of the advisory guidelines. Accordingly, Gomez is not entitled to any further sentence reduction under Amendment 782.

**B.      28 U.S.C. § 2255**

Section 2255 allows a defendant to move to vacate, set aside, or correct a sentence that (1) was imposed in violation of the Constitution or laws of the United States; (2) was imposed by a court that lacked jurisdiction; (3) was greater than the maximum authorized by law; or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Relief under § 2255 "is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013); *see also Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007) (§ 2255 is an extraordinary remedy because "it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process"). A § 2255 petition is not a substitute for a direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998) (relief under § 2255 "will not be allowed to do service for an appeal").

The government contends that Gomez's § 2255 petition is untimely. A § 2255 petition is subject to a one-year period of limitations. 28 U.S.C. § 2255(f). The statute provides in pertinent part that "[t]he limitation period shall run from . . . the date on which the judgment of conviction becomes final." *Id.* § 2255(f)(1). Gomez was sentenced on December 6, 2012, and the Judgment and Commitment Order was entered on the docket on February 8, 2013. Gomez's judgment of

conviction became final fourteen days thereafter, on February 22, 2013, because he did not appeal. *See Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013) (conviction and sentence become final upon expiration of fourteen-day appeal period). Gomez had one year from that date to file a § 2255 petition, but he did not file the instant petition until May 30, 2017. It is therefore untimely.

The one-year limitations period is subject to equitable tolling, which courts grant only if extraordinary circumstances beyond the petitioner's control prevented the timely filing of the § 2255 petition. *Nolan v. United States*, 358 F.3d 480, 484 (7th Cir. 2004) ("Equitable tolling of the statute of limitations is such exceptional relief that we have yet to identify a circumstance that justifies equitable tolling in the collateral relief context.") (citation and internal quotation marks omitted). A petitioner seeking equitable tolling has the burden of establishing two elements: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Gomez fails to establish either element. He states that he "was going to file this motion before one year went [by;] the amendment came but my attorney told me to way [sic] the [sic] he was going to file for me but he never did." (ECF No. 1, Pet. at 11.) Gomez appears to be referring to Amendment 782, which is the basis for his § 3582 argument and which the Court has rejected. In any event, he has failed to show that he pursued his § 2255 rights diligently or that any extraordinary circumstance stood in the way of his filing a timely § 2255 petition. The Court therefore dismisses Gomez's petition to the extent that it seeks relief under § 2255.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court declines to issue a certificate of appealability. A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where the court denies relief on procedural grounds,

a certificate should issue if (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right; and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 485 (2000). The Court can find no reason why reasonable jurists would debate or disagree with the Court's ruling that Gomez's § 2255 petition is time-barred; thus, the Court declines to issue a certificate of appealability.

## CONCLUSION

The petition of Juan Alberto Gomez [1] is dismissed, to the extent that Gomez seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and it is denied to the extent that Gomez seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c). The Court declines to issue a certificate of appealability. Civil case terminated.

**DATE**: August 15, 2018

_____
**Ronald A. Guzmán**
**United States District Judge**